IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MARK J. WALKOWIAK,

                Petitioner,

                                      **ORDER**

   v.

                                   08-cv-368-slc

NEW LISBON CORRECTIONAL
INSTITUTE, MR. FUCHS, ANA
BOATWRIGHT, MS. RACHEL,
CAPTAIN JAEGER, MILDRED
PARISE, OFFICER REBEE, OFFICER
FINNELL, OFFICER WIEGEL,
OFFICER SWENSON, OFFICER
TYDRICK, DR. HEINZL, DR.
REYNOLDS, DR. BRAINARD, SANDY
CLEMMERSON, and MS. WARNER,

                         Respondents.

Because Judge Shabaz is on a medical leave of absence from the court for an indeterminate period, the court is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker. It is this court's expectation that the parties in a case assigned to the magistrate judge will give deliberate thought to providing consent for the magistrate judge to preside over all aspects of their case, so as to insure that all cases filed in the Western District of Wisconsin receive the attention they deserve in a timely manner. At this early date, consents to the magistrate judge's jurisdiction have not yet been filed by all the parties to this action. Therefore, for the purpose of issuing this order only, I am assuming jurisdiction over the case.

In this civil action for monetary and injunctive relief brought pursuant to 42 U.S.C. § 1983, petitioner Mark J. Walkowiak alleges that the various respondents each violated his constitutional rights for assorted acts of mistreatment, including disregard for his health and exposure to unsanitary conditions.  Petitioner has requested leave to proceed in forma pauperis and has paid the initial partial filing fee.

Because petitioner is a prisoner, the 1996 Prison Litigation Reform Act requires the court to screen the complaint and deny petitioner's request for leave to proceed if he has had three or more lawsuits or appeals dismissed for lack of legal merit or if his complaint is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a respondent who by law cannot be sued for money damages.  28 U.S.C. § 1915(e)(2).

However, before I consider the merits of petitioner's complaint, I must address a preliminary issue.  Petitioner's complaint violates Rule 8 of the Federal Rules of Civil Procedure.  Under that rule, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although petitioner's complaint is short, it fails to give respondents the notice to which they are entitled.

In many instances the complaint fails to identify *who* petitioner believes is responsible for an alleged unconstitutional act.  For example, petitioner complains that he is not being given adequate medical care even though he complained about his symptoms, but he does

2

not identify to *whom* he complained and who was involved in providing him the treatment that he alleges was inadequate. In many places, he identifies an alleged violator in general terms, such as "medical staff" or "the officers" or "Health Services Unit." This will not do. Petitioner must identify the *names* of the "medical staff," "officers," members of the Health Services Unit and any others who he believes are responsible for each of the unconstitutional acts about which he complains. If he does not know the name of a particular person, that person must be described as nearly as possible, such as "the first-shift sergeant working in the D-unit on such and such a date," and this unidentified person must be named in the caption of petitioner's complaint as a John or Jane Doe.

In other instances, petitioner fails to identify how he has been injured by the allegedly unconstitutional acts. For example, petitioner alleges that "rotten fruit" has been served, but not whether the fruit was served to *him* or how the rotten fruit affected him.

Because petitioner's complaint does not comply with Rule 8, I must dismiss it without prejudice. Petitioner is free to file an amended complaint that fixes these problems, but if he decides to do so, he should keep a few things in mind.

First, petitioner should draft the complaint as if he were telling a story to people who know nothing about his situation. Someone reading the complaint should be able to answer the following questions:

• What are the *facts* that form the basis for petitioner's claims?

3

- What did each respondent do that makes him or her liable for violating petitioner's
  rights?

- How was petitioner injured by a particular respondent's conduct?

- What does petitioner want the court to do about the situation?

Second, in deciding which claims should be included in the complaint, petitioner should be aware of the limitations of Fed. R. Civ. P. 20. As the court of appeals held in George v. Smith, 507 F.3d 605 (7th Cir. 2007), petitioner may join separate claims in a single lawsuit only if they are asserted against the same respondent, Fed. R. Civ. P. 18, or if the allegations "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all respondents will arise in the action." Fed. R. Civ. P. 20. For example, a claim that the food services administrator and others served petitioner unsavory food does not belong in the same lawsuit as a claim that other medical care providers failed to respond to his requests for medical treatment. If petitioner wishes to raise unrelated claims against different respondents, he will have to file a separate lawsuit for each unrelated claim.        Finally, petitioner has filed a motion for a preliminary injunction in which he asks that "medical staff" at the New Lisbon Correctional Institution be ordered to provide him with medical care. Assuming petitioner files an amended complaint that complies with Fed. R. Civ. P. 8, 20 and 18 and that raises the matter of his medical care, he may file a new motion for a preliminary injunction with that complaint. However, petitioner should be aware that before this court can determine what

4

action might be appropriate with respect to a motion for emergency injunctive relief, his motion must comply with the attached procedures to be followed on motions for injunctive relief. In addition, the motion must be supported by evidence to prove the litigant's entitlement to such relief. In particular, the litigant must show (1) he has no adequate remedy at law and will suffer irreparable harm if the relief is not granted; (2) the irreparable harm he would suffer outweighs the irreparable harm respondents would suffer from an injunction; (3) he has some likelihood of success on the merits; and (4) the injunction will not frustrate the public interest. Palmer v. City of Chicago, 755 F.2d 560, 576 (7th Cir. 1985). Because petitioner's present motion is not accompanied by proposed findings of fact as required by this court's procedures and is not supported by evidence of any kind, I will deny the motion without prejudice.


ORDER

IT IS ORDERED that

1. Petitioner's complaint is DISMISSED for his failure to comply with Fed. Civ. R. P. 8. Petitioner may have until September 9, 2008, in which to file an amended complaint that cures the defects in his original complaint. If petitioner fails to file an amended complaint by September 9, 2008, I will dismiss this case for petitioner's failure to prosecute.

2.  Petitioner's motion for a preliminary injunction (dkt. #5) is DENIED without prejudice.  I have attached to this order the court's procedures for filing a motion for a preliminary injunction.

Entered this 20th day of August, 2008.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge

6