IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARK J. WALKOWIAK,

                                Plaintiff,

     v.

DR. HEINZL, CINDY BEENEY,
CANDACE WARNER and NURSES DOES,

                                Defendants.

OPINION and ORDER

08-cv-368-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Mark J. Walkowiak has been granted leave to proceed in forma pauperis on his claim that defendants Nurses Does, Doctor Heinzl, Cindy Beeney and Candace Warner violated his Eighth Amendment rights by failing to provide him with a extra mattress to ease his severe back pain. Now plaintiff has filed a document titled "Legal Clarifications And Response for Requested Information And Motions for Injunctive Relief," in which he appears to supply the names of some of the Doe defendants and brings motions for injunctive relief and reconsideration of the screening orders in this case. I will address each issue in turn.

      First, I must clarify the parties' obligations regarding the identities of the Doe defendants. Magistrate Judge Crocker set forth the process for identifying these defendants in the amended preliminary pretrial conference order issued March 6, 2009. Plaintiff had

until March 17, 2009, to complete service of his discovery requests aimed at identifying the Doe defendants. Using the information in plaintiff's requests, the assistant attorney general and institution were to make a good-faith effort to provide the identities of the Doe defendants. Then plaintiff was to have until April 24, 2009, to file an amended complaint, replacing all references to Doe defendants with the names provided him by the state.

Plaintiff did not follow this procedure. Instead, he asks to add six new defendants to the case, presumably in the place of Doe defendants. Also, he states that he "needs to keep Nurse Doe(s) on the list of Defendants, for there are unidentified medical personnel that have treated Plaintiff that the Health Services Unit has refused to identify, after Plaintiff had requested such information."

Defendants respond by stating that plaintiff failed to serve them with any discovery requests. In his reply, plaintiff appears to have changed his tune regarding there being Doe defendants who have not yet been identified. He states that it was not necessary to serve defendants with discovery requests because he was able to identify the nurse Does after performing his own research and cooperating with prison medical staff. I take this to mean that plaintiff has identified each of the nurse Does and is now ready to amend his complaint by replacing all references to Doe defendants with the names he provides. Plaintiff's deadline to do so remains April 24, 2009.

Following informal service of the amended complaint on the new defendants, the assistant attorney general must report to the court whether he will accept service of the

2

amended complaint on behalf of some or all of the new defendants. If he chooses not to accept service, then he must provide to the court, ex parte and under seal, the known addresses of the new defendants so that the Marshals Service may serve them with the amended complaint. The deadline for the new defendants to file and serve their answers to plaintiff's amended complaint remains May 12, 2009.

Next, plaintiff moves for injunctive relief ordering (1) prison officials to stop interfering with his access to the law library; (2) an investigation into prison staff's violation of legal mail policies; and (3) immediate medical care by a facility specializing in back pain. However, plaintiff has not submitted admissible evidence to support his request for an injunction and he has not proposed facts in reliance on such evidence. Therefore, I will deny his motion without prejudice because he has failed to follow this court's procedures for obtaining injunctive relief. Those procedures are set out in a document titled <u>Procedure To Be Followed On Motions For Injunctive Relief</u>, a copy of which is included with this order. Plaintiff should pay particular attention to those parts of the procedure that require him to submit proposed findings of fact in support of his motion and point to admissible evidence in the record to support each factual proposition.

Plaintiff is cautioned further that I am unlikely to grant his request for injunctive relief regarding law library access and the handling of his legal mail even if he refiles these motions in accordance with the court's procedures on motions for injunctive relief. Both of these issues relate to his access to the court. There is only one situation in which I may take

3

up the matter of court access in the context of a pending lawsuit such as this, which does not include a claim of denial of access to the court in the underlying complaint. If plaintiff could show that prison officials were actively and physically blocking his ability to come to trial or defend against a motion filed by the defendants, I may ask defendants' counsel to look into the matter and report the circumstances to the court. Plaintiff's allegations that he does not receive extra time in the law library and has had isolated instances in the past when he has been blocked from law library access or had his legal mail opened are not the type of allegations that suggest that plaintiff is being blocked from coming to trial or defending against motions.

Plaintiff's final motion is one for reconsideration of the court's screening orders in this case. In a September 25, 2008 order, I severed the claims in plaintiff's amended complaint into seven different potential lawsuits. I asked plaintiff which lawsuits he wished to litigate, and in particular, which lawsuit would be assigned to this case number. Plaintiff responded that he wished to pursue only his claim that defendants failed to provide him with an extra mattress to ease his severe back pain. Therefore, in an October 22, 2008 order, after screening this claim, I granted plaintiff leave to proceed in forma pauperis on the claim and dismissed the six other potential lawsuits. Now plaintiff argues that all of his other claims should be reincorporated into the case because "the totality of the circumstances" of his confinement must be evaluated. Nothing in plaintiff's motion for reconsideration

4

convinces me that I erred in applying Rule 20 or in dismissing the claims on which he chose not to proceed. Therefore I will deny his motion for reconsideration.

There is one final issue I need to address. A substantial portion of plaintiff's recent submission consists of bizarre issues such as notification that plaintiff has copyrighted the name "MARK J. WALKOWIAK" and use of this name will subject the court to copyright infringement damages, and his question whether my courtroom contains a gold-fringed American or Wisconsin flag, because such a flag indicates admiralty jurisdiction, presumably rendering this court unable to exercise jurisdiction over his case. These issues are legally frivolous and will not be given serious consideration in this order or in future orders issued in this case. If plaintiff does not wish to subject himself to the jurisdiction of this court or have his name used by the court and defendants in this action, he should voluntarily dismiss the case.

ORDER

IT IS ORDERED that:

1. Plaintiff Mark J. Walkowiak has until April 24, 2009, in which to submit an amended complaint in which he replaces all references to the Doe defendants with the names he has identified. Following service of the amended complaint on the new defendants, the assistant attorney general must report to the court whether he will accept service of the amended complaint on behalf of some or all of the new defendants. If he chooses not to

5

accept service, then he must provide to the court, ex parte and under seal, the known addresses of the new defendants so that the Marshals Service may serve them with the amended complaint. The deadline for the new defendants to file and serve their answers to plaintiff's amended complaint is May 12, 2009.

2. Plaintiff's combined motion (dkt. #24) for injunctive relief and reconsideration of this court's screening orders is DENIED.

Entered this 27th day of March, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge