IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARK J. WALKOWIAK,

                              OPINION and ORDER

            Plaintiff,

                              08-cv-368-bbc

    v.

DR. HEINZL, CINDY BEENEY,
CANDACE WARNER and NURSES DOES,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

After plaintiff's complaint was scoured for problems arising under Fed R. Civ. P. 8, dkt. #6, and then Fed. R. Civ. P. 20, dkt. #9, plaintiff's amended complaint was finally screened on the merits, dkt. #12, and he was granted leave to proceed <u>in forma pauperis</u> on a single claim: that defendants Glen Heinzl, Cindy Beeney, Candace Warner and certain John Doe nurses violated his Eighth Amendment rights by failing to provide him with a second mattress to ease his severe back pain. Because plaintiff's complaint alleged violations by Doe defendants, petitioner was given until March 27, 2009 in which to file an amended complaint replacing all Doe defendants with the names of those defendants, provided him by the state. Dkt. #23. Instead of this, plaintiff filed a document seeking miscellaneous relief; he was given clearer instructions: he had until April 24, 2009, in which to submit an

amended complaint in which he replaces all references to the Doe defendants with the names he was given. Dkt. #27.

Now plaintiff has submitted an amended complaint in which he names the Doe defendants and replaces references to the Does with the names of individuals. The newly named defendants are: Koreen Frisk, Janine Hessler, Jeff Puttkammer, Kathryn M. Cacic, Robert Gilmeister, Lelani Landini, and Kathy Prell. In response to plaintiff's amendment, defendants's counsel states that the Wisconsin Department of Justice will accept service for defendants Koreen Frisk and Janine Hessler because they are state employees. As for defendants Jeff Puttkammer and Kathryn M. Cacic, neither is a state employee, so defendants will not accept service for them. Defendants' counsel has submitted ex parte a letter containing the last known address for defendant Jeff Puttkammer, who was formerly a state employee; a copy of that letter will be sent to the United States Marshal with a copy of this order to complete service on that defendant. As for defendant Cacic, she was never a state employee, so her address is unknown. The Marshal should make reasonable efforts to locate defendant Cacic to serve her personally with a copy of the summons and complaint in this case.

However, defendants state that they will not accept service for the remaining three defendants, Robert Gilmeister, Lelani Landini and Kathy Prell, not because they are not state employees, but because "they are quite arguably not the Nurse Doe individuals referenced in" the screening order and because Kathy Prell and a person named "Bob Gilmato" were previously dismissed. I do not understand defendants' counsel to be stating that they will not respect the

2

informal service agreement between the Attorney General and this court. Instead, it appears that defendants are stating simply that they object to plaintiff's addition of these three defendants because it goes beyond merely identifying Doe defendants.

I agree with defendants that the scope of this lawsuit cannot be expanded. This lawsuit was filed on June 25, 2008. Nearing one year later, plaintiff was allowed an opportunity to amend his complaint beyond the original deadline, for the limited purpose of replacing the names of Doe defendants related to the single claim upon which he had been granted leave to proceed. Defendants' concern applies to defendants Landini, Gilmeister and Prell. Plaintiff names defendant Landini and replaces her for a "Gandilin?" identified in his amended complaint. However, plaintiff was not granted leave to proceed on those claims because they occurred *after* plaintiff filed his original complaint. It is impossible that plaintiff exhausted those claims before filing the original lawsuit, as he is required to do. 42 U.S.C. § 1997e(a). Therefore, not only is it too late to expand the scope of the lawsuit to include this claim, it would be futile to do so. Sound of Music v. Minnesota Mining and Manufacturing Co., 477 F.3d 910, 922-23 (7th Cir. 2007) (leave to amend may be denied when it would be "futile").

As for defendant Gilmeister, the only allegations related to this new defendant relate to a claim that "respondents Reynolds and nurse Doe failed to protect him from a suicide attempt," a claim that I concluded belonged in a separate lawsuit pursuant to Fed. R. Civ. P. 20, dkt. #9, at 11, and plaintiff voluntarily dismissed in lieu of paying a separate filing fee, dkt. #10.

Finally, plaintiff names defendant Prell and replaces her for a "RN Riveno?" identified in his amended complaint. Defendants object to plaintiff's including her as a defendant on the

3

ground that plaintiff's complaint had named her elsewhere but those claims had been dismissed. That argument misses the mark. It is entirely possible to both name a defendant for some claims and fail to identify the defendant as the responsible actor for other claims, and the dismissal of some claims says nothing about the viability of others. The problem is that plaintiff does not replace a Doe defendant with defendant Prell, but rather an individual who was not originally named as a defendant but identified in the allegations, a "RN Riveno?"

At any rate, plaintiff's new claim against defendant Prell has other problems. All he alleges is that he wrote twice to the Health Services Unit "asking for the qualification for an extra mattress." The first time, defendant Prell did not address the question; it was not until the second time, a day later, did defendant Prell explain the qualifications, after he said he was "in continuous pain" and could not sleep. At most, defendant Prell is guilty of failing to give speedy information about the prison's policy on providing a mattress. This has nothing to do with inadequate medical care and is therefore inadequate to state an Eighth Amendment claim against defendant Prell. Thus, it would be futile to allow plaintiff to expand his lawsuit in this way.

In conclusion, plaintiff's attempt to add defendants Prell, Gilmeister and Landini to his second amended complaint goes beyond what he was allowed. Rather than reject plaintiff's proposed second amended complaint and require him to try again, I will grant plaintiff's motion for leave to file a second amended complaint and simply dismiss his claims against defendants Prell, Gilmeister and Landini.

ORDER

IT IS ORDERED that:

1. Plaintiff Mark J. Walkowiak's motion for leave to file a second amended complaint is GRANTED; dkt. #28 is the operative pleading. The caption is amended to replace "Nurses Does" with defendants Jeff Puttkammer, Koreen Frisk, Kathryn M. Cacic and Janine Hessler.

2. Plaintiff's second amended complaint is DISMISSED as to his claims against defendants Robert Gilmeister, Leilani Landini and Kathy Prell.

3. Pursuant to an informal service agreement between the Attorney General and this court, copies of this order and petitioner's second amended complaint, dkt. #28, are being sent today to the Attorney General for service on defendants Janine Hessler and Koreen Frisk.

4. A copy of petitioner's complaint and a copy of this order are being forwarded to the United States Marshal for service on defendants Jeff Puttkammer and Kathryn M. Cacic.

Entered this 6th day of May, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

5