IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARK J. WALKOWIAK,

                    Plaintiff,

    v.

GLEN HEINZL, CINDY BEENY, CANDACE
WARNER, JEFF PUTTKAMMER, KOREEN
FRISK, KATHRYN M. CACIC and JANINE
HESSLER,

                  Defendants.[1]

ORDER

08-cv-368-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Before the court are defendants' motions for summary judgment on plaintiff Mark J. Walkowiak's claim that defendants violated his Eighth Amendment rights by failing to provide him a second mattress to ease his severe back pain. (Defendant Kathryn M. Cacic files her own motion and has different counsel from that of the remaining defendants, who are represented by the Attorney General for the State of Wisconsin.)  Defendants contend that the care that each provided plaintiff was appropriate and did not constitute deliberate indifference to plaintiff's serious medical need.

In response to defendants' nearly 80 pages of summary judgment materials (not counting affidavits and their attachments), plaintiff filed a four-page document titled

---

[1] In defendants' summary judgment materials, they provide their full names and proper spellings for their names.  I have amended the caption accordingly.

"Affidavit and Motion for Summary Judgment" in which he discusses his religion and attempts to convert his audience. A single sentence is relevant to defendants' motion for summary judgment: "I respectfully and completely dismiss my suit before you rule in favor of the Defendants." Under Fed. R. Civ. P. 41, plaintiff can voluntarily dismiss his action this late in the proceedings only by a court order and only "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2); see also Cauley v. Wilson, 754 F.2d 769, 771 (7th Cir. 1985) (court may require that dismissal be with prejudice or condition dismissal on plaintiff's payment of costs and attorney fees). In this case, dismissal under Rule 41(a)(2) could only be with prejudice. The motion for dismissal comes after defendants have filed a motion for summary judgment. Because plaintiff is asking for dismissal "before you rule in favor of Defendants," it is not clear whether he would be willing to accept dismissal "with prejudice," meaning that he would never be allowed to file the same claim again. It is not proper to voluntarily dismiss an action with prejudice under Rule 41(a)(2) without giving the plaintiff an opportunity to withdraw his motion for voluntary dismissal. Marlow v. Winston & Strawn, 19 F.3d 300, 305 (7th Cir. 1994). In this case, there is no point in waiting to give plaintiff an opportunity to agree to dismissal with prejudice because the matter can be decided just as easily on defendants' motions for summary judgment, to which plaintiff has failed to respond in any meaningful way.

It is plaintiff's burden in opposing a motion for summary judgment to show that a genuine issue of fact remains for trial, Borello v. Allison, 446 F.3d 742, 748 (7th Cir. 2006). In this case, plaintiff's burden includes establishing that he had a serious medical need and that each defendant was either aware of the need and failed to adequately treat him for it or were

2

otherwise personally involved in the constitutional violations of other defendants. Because plaintiff has failed to dispute defendants' facts, their version of the facts will be taken as true. Doe v. Cunningham, 30 F.3d 879, 883 (7th Cir. 1994). Defendants propose facts describing their care of plaintiff in detail. In summary:

- Defendant Glen Heinzl, a doctor, saw plaintiff a number of times and provided treatment for plaintiff's complaints about lactose intolerance, hemorrhoids, knee pains, attempted suicide, sinusitis and a sinus infection. With regard to plaintiff's back pain and his request for an extra mattress, Heinzl saw plaintiff, examined his spine and muscles and concluded that plaintiff did not have a significant medical condition related to disturbed sleep.

- Defendant Cindy Beeny, a nurse, saw plaintiff a number of times and provided treatment for plaintiff's complaints about hemorrhoids, bowel movements, groin and leg pain, dizziness and lack of sleep and sinus issues. With respect to plaintiff's complaints about back pain and his request for an extra mattress, Beeny forwarded plaintiff's request for an extra mattress to the "Comfort Committee," a group of health services staff who decide prisoner's requests for "comfort items." In addition, in response to a separate complaint about back pain, Beeny ordered ibuprofen for plaintiff after consulting with a doctor regarding whether therapy, pain control or a second mattress was medically necessary. In addition, she issued a "no work and recreation" restriction for plaintiff and allowed him an extra bath towel for compresses. In response to

3

- additional requests for an extra mattress, Beeny denied the requests on the ground that the doctor had determined the mattress was not medically necessary.

- Defendant Candace Warner, the health services director, responded to a couple of health service requests of plaintiff's, the first seeking a return of property and the second seeking an extra mattress. With regard to the second request, she forwarded the request to defendant Heinzl. In addition, she contacted a sergeant on the unit and asked him to check plaintiff's mattress and replace it if it was old or worn and she referred plaintiff to psychological services unit staff for his complaints of sleep disturbance.

- Defendant Jeff Puttkammer, a nurse, treated plaintiff once for knee and elbow pain and memory problems.

- Defendant Koreen Frisk, a nurse, responded to plaintiff's complaints regarding his delayed receipt of ibuprofen from the canteen, a change in a medication dosing schedule, migraines, bruises, fatigue, depression, lack of sleep and lactose intolerance. With regard to plaintiff's back pain and request for an extra mattress, Frisk gave plaintiff instructions regarding the use of acetaminophen and ibuprofen, muscle rubs, back exercises and heat and cold packs and filed a recreation and lifting restriction for plaintiff. In addition, Frisk reviewed the requirements for an extra mattress with plaintiff and scheduled an appointment with a doctor.

4

- Defendant Janine Hessler, a nurse, saw and treated plaintiff for his concerns that he might have diabetes, bruises, headaches, lack of sleep, sinus problems and lack of sleep. With regard to plaintiff's complaints of back pain, Hessler scheduled appointments with a doctor both times that plaintiff complained about his pain.
- Defendant Kathryn M. Cacic, a nurse, treated plaintiff for sinusitis and was not aware of his back pain.

First, with regard to plaintiff's medical complaints other than that of back pain, plaintiff was granted leave to proceed only on his claim related to his back pain. Even if the other complaints were part of this case, however, there is no evidence that any of these matters amounted to a "serious medical need."

With regard to plaintiff's back pain, there is no evidence that plaintiff even suffered from back pain other than defendants' averments that plaintiff said he did. Assuming this could establish that plaintiff did suffer back pain, and that this back pain was a "serious medical need," plaintiff's Eighth Amendment claims against defendants would fail because he has not shown that any defendant was "deliberately indifferent" to his back pain. First, with regard to defendants Puttkammer and Cacic, there is no evidence that they were even aware of his back pain. As for the remaining defendants, each appears to have provided proper treatment to plaintiff, in their roles as nurses, health services unit director and physician. The nurses made medical decisions at times and both the nurses and the director referred issues to the doctor by direct referral or by scheduling appointments. As the court of appeals explained in Greeno v. Daley, 414 F.3d 645, 655-56 (7th Cir. 2005), it is not deliberate indifference for officials who

5

are not qualified to make certain medical decisions to refer such complaints to a medical professional.

As for the doctor and the nurses, to the extent they were using medical judgment to make decisions about plaintiff's treatment, plaintiff can show deliberate indifference only by showing that their "medical treatment is so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate the prisoner's condition." Snipes v. DeTella, 95 F.3d 586, 592 (7th Cir. 1996) (internal quotations omitted). In other words, the treatment must be so far afield of accepted professional standards as to imply that it was not actually based on a medical judgment. Estate of Cole by Pardue v. Fromm, 94 F.3d 254, 262 (7th Cir. 1996). Plaintiff has not submitted any evidence that would allow a reasonable jury to find that defendants were deliberately indifferent to his serious medical needs. Therefore, I will grant defendants' motions for summary judgment, dkts. ## 50 and 61, and deny plaintiff's motion for voluntary dismissal as moot.

ORDER

IT IS ORDERED that

1. The motions for summary judgment filed by defendants Glen Heinzl, Cynthia Beeney, Candace Warner, Jeffrey Puttkammer, Koreen Frisk and Janine Hessler, dkt. #50, and by defendant Kathryn Cacic, dkt. #61, are GRANTED.

2. The motion for voluntary dismissal filed by plaintiff Mark J. Walkowiak, dkt. #66, is DENIED as moot.

3. The clerk of court is directed to enter judgment in favor of defendants and close the case.

Entered this 12th day of November, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge